

# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI,               )
                                 )
            Respondent,          )
                                 )
v.                               )   No. SD36345
                                 )   Filed:  July 16, 2020
TYLER JORDAN HALL,               )
                                 )
            Appellant.           )

APPEAL FROM THE CIRCUIT COURT OF DUNKLIN COUNTY

Honorable Robert N. Mayer, Judge

**<u>AFFIRMED</u>**

Tyler Jordan Hall ("Hall") appeals his convictions of one count of the class A misdemeanor of tampering with a motor vehicle in the second degree, and one count of the class E felony of resisting arrest. In one point relied on, Hall argues the trial court abused its discretion in overruling defense counsel's objection to a question from the prosecutor to the panel in voir dire. Finding no merit to Hall's point, we deny the same and affirm the judgment of the trial court.

**Facts and Procedural Background**[1]

Hall does not challenge the sufficiency of the evidence to support his convictions. We recite the evidence and the reasonable available inferences therefrom in the light most favorable to the verdict. *State v. Lammers*, 479 S.W.3d 624, 630 (Mo. banc 2016). We recite other information as necessary for context.

Hall was charged by Second Amended Information, as a prior and persistent offender, with the class D felony of tampering in the first degree (Count I), pursuant to section 569.080.1(2), for an incident occurring on January 11, 2019; and the class E felony of resisting arrest, pursuant to section 575.150,[2] for an incident occurring on February 24, 2019.[3]

A jury trial commenced on July 21, 2019. At the outset of voir dire, the trial court instructed the panel that the presumption of innocence "places upon the State the burden of proving beyond a reasonable doubt that [Hall] is guilty."

During the State's voir dire, the following colloquy (as relevant here) occurred:

> [STATE]: And so it's the State's job in a criminal case to prove every element of a crime beyond a reasonable doubt. But we're not obligated to present every witness who heard something or saw something.
>
> And so do you understand that witnesses are equally available to the Defendant and the State? That we both have the power to subpoena witnesses and compel their attendance today?
>
> [DEFENSE COUNSEL]: Objection.
>
> [STATE]: I see people nodding --

---

[1] Hall's statement of facts is in violation of Rule 84.04(c). The statement of facts are to include (at least) all those facts utilized in the argument section of a brief. This does not strike us as an intentional violation (and is not decisive in this instance), but this misapprehension warrants cure in any future filings with this Court.

All rule references are to Missouri Court Rules (2019).

[2] All references to statutes are to RSMo Cum.Supp. 2014 (effective 2017), unless otherwise indicated.

[3] These cases were later consolidated for the purposes of trial.

THE COURT: Are you objecting?

[DEFENSE COUNSEL]: I have an objection, Judge. May we approach?

. . . .

[DEFENSE COUNSEL]: I'm basing my objection -- we're referring to the witness being available. It's just that my objection is based on -- my objection is to referencing witnesses as being available to the Defendant. That puts the burden on the Defendant of proving or disproving that -- disproving the case beyond a reasonable doubt.

[STATE]: Judge, that is simply not correct. The witness -- it's an accurate statement of law that witnesses are available to the State and the defense. In fact, [defense counsel] filed a response to my motion in limine about calling endorsed witnesses saying as much this morning. So both parties can subpoena endorsed witnesses.

[DEFENSE COUNSEL]: I would point out that both of those -- that the motion and my reply were withdrawn.

THE COURT: Okay. I'll overrule the objection.

. . . .

[STATE]: Okay. So everyone understands that both sides can bring witnesses and make them testify today? Okay. Thank you.

Defense counsel echoed the now-challenged question in the defense's voir dire wherein defense counsel explained that "in a criminal charge, the burden is entirely on the State to prove that a Defendant . . . is guilty beyond a reasonable doubt." Defense counsel further indicated that the State's burden was "the highest standard that exists in our legal system. I mean, it's higher than the burden we use to take someone's money away. It's even higher than the standard used to take someone's children away."

Defense counsel also asked the jury, "So can you all agree, then, to follow the Court's instructions and only vote guilty if you are firmly convinced of his guilt? Show of hands, who can do that? Okay. Thank you." Next, defense counsel stated that "this is sort of a -- like a flip side

3

of the same coin to what I was saying about the State's burden of proof. The defense has no burden of proof. [Hall] doesn't have to prove anything."

After the jury was impaneled and all of the evidence had been presented at trial, the trial court again instructed the jury that "[t]he Defendant is presumed to be innocent, unless and until during your deliberations upon your verdict, you find him guilty. This presumption of innocence places upon the State the burden of proving beyond a reasonable doubt that the Defendant is guilty."

The jury found Hall guilty of the lesser-included charge of tampering with property in the second degree, a class A misdemeanor (Count I), and resisting arrest, a class E felony (Count II). The trial court sentenced Hall, as a prior and persistent offender, to concurrent terms of one year in the county jail on Count I, the misdemeanor tampering charge; and six years in the Department of Corrections for resisting arrest (Count II).

Hall filed a motion for new trial which the trial court overruled. This appeal followed.

In one point, Hall argues that:

> The trial court abused its discretion in overruling defense counsel's objection during voir dire to the prosecutor's question regarding whether the jury understood that Mr. Hall was capable of subpoenaing and calling his own witnesses, because this violated Mr. Hall's due process right to a fair trial guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution, in that this question by the prosecutor improperly suggested that Mr. Hall had the burden to present witnesses in his defense to assuage any doubts the jury may have about the case, and, in doing so tainted the entire jury panel by suggesting to them that Mr. Hall had the burden of disproving the State's case.

(Bolding omitted).

**Standard of Review**

The trial judge is vested with the discretion to judge the appropriateness of specific questions, and is generally vested with wide discretion in the conduct of *voir dire*. The trial judge is in the best position to determine whether questions raised in *voir dire* assure the presence of a fair and impartial jury without amounting to a prejudicial presentation of the evidence. Accordingly, we review a trial court's decision to disallow certain questions during *voir dire* for abuse of discretion. The party asserting abuse has the burden of demonstrating a real probability that he was thereby prejudiced.

*State v. Whitt*, 461 S.W.3d 32, 39 (Mo.App. E.D. 2015). "The discretion of the trial judge in striking this difficult balance will be upheld, absent abuse." *State v. Antwine*, 743 S.W.2d 51, 59 (Mo. banc 1987). "Where reasonable persons can differ about the propriety of the action taken by the trial court, no abuse of discretion will be found." *State v. Johnson*, 207 S.W.3d 24, 40 (Mo. banc 2006).

**Analysis**

In his sole point relied on, Hall argues that "[t]he trial court abused its discretion in overruling defense counsel's objection during voir dire to the prosecutor's question regarding whether the jury understood that [] Hall was capable of subpoenaing and calling his own witnesses[.]" Specifically, he claims that "this question by the prosecutor improperly suggested that [] Hall had the burden to present witnesses in his defense to assuage any doubts the jury may have about the case," and that this "tainted the entire jury panel[.]"

We are not persuaded. The now-challenged question from the prosecutor in voir dire occurred, without interruption, following the prosecutor's statement that "it's the State's job in a criminal case to prove every element of a crime beyond a reasonable doubt. But we're not obligated to present every witness who heard something or saw something." Moreover, in defense counsel's voir dire, defense counsel also reiterated the principle that the State has the burden of proof, and not defendant.

5

The trial court also correctly instructed the jury that "[t]he Defendant is presumed to be innocent, unless and until during your deliberations upon your verdict, you find him guilty. This presumption of innocence places upon the State the burden of proving beyond a reasonable doubt that the Defendant is guilty." "The jury is presumed to follow the trial court's instructions." **State v. McFadden**, 369 S.W.3d 727, 752 (Mo. banc 2012). "[S]peculative allegations[,]" such as those presented in the instant matter, "do not overcome [that] presumption[.]" **Id.** While Hall's brief directs us to what he purports to be controlling case law, none of those cases are applicable to the facts of this case. Because Hall fails to overcome the presumption that the jury followed the trial court's instructions, his argument is unavailing, and his point is denied.

The judgment of the trial court is affirmed.

WILLIAM W. FRANCIS, JR., J. - OPINION AUTHOR

NANCY STEFFEN RAHMEYER, P.J. - CONCURS

DANIEL E. SCOTT, J. - CONCURS